GROJEAN, Appellant, v. DARBY, Respondent.

St. Louis Court of Appeals, February 23, 1909.

SALES: Pleading: Warranty: Instruction. In an action for the rescission of a sale of two mules and recovery of the purchase price by the buyer, the petition alleged that the defendant in selling the mules to the plaintiff falsely stated that if anything was wrong with the mules he did not know it, that they had been all right since he owned them, when in fact the defendant knew one of the mules was afflicted with a disease known as Moon-eye, and that the defendant's statements were made with the intent to deceive and defraud the plaintiff.

*Held,* the plaintiff could not recover on the ground that the defendant concealed from him a fact known to him which would unfit the mules for the purpose for which the plaintiff was buying them, and an instruction which authorized a verdict for plaintiff on that theory regardless of whether the defendant knew the purpose of plaintiff's buying them or not, was properly refused.

*Held, further,* the plaintiff was not entitled to an instruction authorizing a·recovery in case the defendant knew of any latent disease in the animals when there was no proof of any malady which afflicted the mules except Moon-eye.

*Held, further:* The plaintiff could not recover on the ground that the defendant "might have had reason to believe" one of the mules had a latent disease; the doctrine of guilty scienter which is sometimes *imputed* to a party who states, as of his own knowledge, a fact which he does not know or have reason to believe, could not apply to this case

because the defendant knew the facts and either knowingly misrepresented them or made innocent statements.

*Held further*, that since the evidence showed the defendant refused to warrant the mules had good eyes, or to warrant them in any other respect, he was not liable on account of what he might have known, or had peculiar opportunities to know, if in fact he did not know.

*Held further*, that since the evidence showed the defendant drew the plaintiff's attention to the fact that one of the mules had an ailment of the eyes and gave his opinion as to the cause of the ailment, there was no false statement although the ailment was different from the one stated.

*Held further*, that if the defendant was ignorant that the disease charged existed, but was aware that the mule's eyes had been sore and stated that to the defendant, the rule of *caveat emptor* applies.

Appeal from Bollinger Circuit Court.—*Hon. Chas. Killian*, Judge.

AFFIRMED.

*J. L. Downing* and *W. N. Morgan* for appellant.

Instructions 1 and 3, given on behalf of defendant, conflict with instruction 1, given on behalf of plaintiff. The instruction given on behalf of plaintiff correctly states the law, while the instructions given on behalf of defendant do not correctly state the law. The giving of an erroneous instruction on behalf of the successful party to a lawsuit is ground for reversing the judgment, and this is true whether the instruction given on behalf of the losing party stated the law correctly or incorrectly. Baker v. Railway, 122 Mo. 533, 26 S. W. 20. By instruction 1, given on behalf of defendant, the jury were told that they could not find for the plaintiff unless they found: *First.* That one of the mules had a disease commonly called "Moon-eye" at the time defendant sold them to plaintiff. *Second.* That defendant knew at that time that one of them had a disease commonly called "Moon-eye." *Third.* That defendant for the purpose of inducing plaintiff to purchase said

mules wilfully and knowingly misrepresented their condition by telling plaintiff that "if there had been anything wrong with them he did not know it, for they had been all right since he owned them." Narlean v. Abell, 120 Mo. 188, 25 S. W. 516; White v. Reitz, 108 S. W. 602; Davis v. Oriscole, 54 S. W. 43; McCord v. Co., 50 S. W. 606; Serrano v. Commission Co., 93 S. W. 813; Raley v. Williams, 73 Mo. 310.

*Ralph Wammack* and *C. G. Revelle* for respondent.

STATEMENT.—The petition in this case declares as follows: defendant being desirous of selling plaintiff two mare mules, did, with intent to deceive and defraud plaintiff, falsely represent to him "that if there was anything wrong with said mules he did not know it; that they had been all right since he (defendant) had owned them," and plaintiff, relying on the representation of defendant as to the condition of the mules, purchased them from defendant for three hundred dollars; that, in truth, as defendant well knew, said representation was false and as defendant well knew, one of said mules was afflicted with a disease known as Mooneye; that within ten days from the date of the purchase, said mule became partially blind and continued so to the date of the filing of the suit; that when plaintiff discovered the defect he offered back the mules and demanded the three hundred dollars paid; that he relied on the representation aforesaid made by defendant; that the defect was a latent one and could not have been discovered by plaintiff when he purchased the mules, or he would not have purchased them; that defendant refused and still refuses to pay plaintiff the three hundred dollars paid as aforesaid and take back the mules. It is further alleged plaintiff had expended twenty-five dollars for feed and labor in taking care of the mules and judgment was prayed by reason of the wrongful acts of defendant above mentioned in the sum of three hun-

dred dollars and interest from the date- of purchase. In the answer defendant admitted the sale for the price stated in the petition, denied he had made any false or fraudulent representations to deceive plaintiff; denied either of the mules when sold was afflicted with the disease known as Moon-eye, or that he had knowledge of the fact if one was so affected; denied plaintiff, in making the purchase relied on any representation made by defendant and avers plaintiff purchased on his own judgment. Plaintiff testified to this effect; he wished to buy a pair of good mules and so stated to defendant. The latter offered to sell those in controversy for three hundred dollars and plaintiff went to defendant's place to see them. The sale occurred in January, defendant having owned the animals since the previous August. Plaintiff asked a great many questions about whether they were trusty and all right and defendant said they were. Plaintiff stated he was buying on defendant's word more than on his (plaintiff's) own judgment, and defendant said the mules were all right, but for plaintiff to understand he would not guarantee them or any stock he had; at the same time telling of a trade in which he had guaranteed a pair of mules and afterwards had to take them back. He also told plaintiff one of the mules' eyes got sore a few times during the previous summer in fly time, but got well and defendant thought the flies caused the sore eyes. Plaintiff asked if defendant had found the mules all right since he (defendant) owned them, the latter replied he had and plaintiff said that was all the guaranty he wanted; defendant said if there was anything wrong with the mules he did not know it. Plaintiff also testified defendant remarked he would not guarantee their eyes. One of the mules was caught and plaintiff examined her eyes, and said he did not like either the eyes or the face of the animal, but defendant said she was all right. It seems the other mule was not examined by plaintiff before buying, because she was diffi-

cult to catch. Some time after the purchase one of the mules was found to have the disease known as Moon-eye, and it caused her to become partly blind. Some of the testimony indicates defendant knew of the eye ailment before the sale, but there was no testimony tending to prove he knew she had the particular disease known as Moon-eye. Such is the evidence, stating it in the aspect most favorable to plaintiff. The court gave this instruction at plaintiff's request:

"The court instructs the jury that if you find and believe from the evidence that plaintiff, D. E. Grojean, on or about the second day of January, 1906, purchased of defendant Grady Darby, the mules described in the petition of plaintiff, and that at the time of the purchase of the said mules they, or either of them, were diseased in manner and form as charged in the petition of plaintiff, that said defect or disease was known to defendant but unknown to plaintiff, that plaintiff would not have bought the same had he known of the said defect, and that the said disease was a latent defect such as could not be discovered by an ordinary person from an examination of the said mules, then it was the duty of defendant to make known to plaintiff, before the purchase of said mules, the fact that said mules, or either of them, were so diseased; and if the jury find that defendant did not so advise plaintiff, then your verdict will be for plaintiff, for the amount plaintiff paid defendant for the mules aforesaid, not to exceed the sum of $300, provided you further find that plaintiff, within a reasonable time after discovering the disease above mentioned, tendered and offered to return said mules to defendant, and demanded the return of the money paid for them, which offer to return must have been made before the institution of this suit."

The following were given for defendant:

"The court instructs the jury that although you may find from the evidence in this cause that at the

time of said trade the defendant told plaintiff that 'if there was anything wrong with the said mules that he did not know it—that they have been all right since he had owned them'—and that at that time one of said mules was afflicted with the disease commonly known as 'Moon-eye,' yet you will not be authorized to find for the plaintiff unless you further find from the evidence that at the time of making said representation the defendant knew that said mule was afflicted with said disease and wilfully and knowingly misrepresented the matter to the plaintiff for the purpose of inducing the plaintiff to purchase said animal.

"The court instructs the jury that if, at the time of said trade, defendant did not know that one of said mules was afflicted with the disease commonly called 'Moon-eye' but drew the attention of plaintiff to the fact that something had been the matter with the eyes of one of the mules while he had owned it and only gave his opinion as to the cause thereof, then and in that event there was no false representation as to the mule's eyes and the plaintiff was put upon his inquiry as to the cause of such condition and was under the circumstances compelled to exercise ordinary care and caution in purchasing the animal and the law will not relieve against a mistake of judgment, and under such circumstances the plaintiff is not entitled to recover, and your verdict will be for the defendant."

The jury returned a verdict in defendant's favor and from the judgment entered on it, plaintiff took this appeal.

GOODE, J. (after stating the facts).—Exceptions were saved to the two instructions for defendant. An objection was raised to the first one because it precluded the jury from finding for plaintiff unless they found one of the mules had Moon-eye when sold and defendant made the alleged statement that if there was any-

thing wrong with them he did not know it, and they
had been all right since he had owned them, knowing
at the time one of the animals was afflicted with Moon-
eye, and misrepresenting the matter to plaintiff for the
purpose of inducing a sale. This charge is said to be
inconsistent with the instruction given for plaintiff,
wherein the jury were authorized, in effect, to find a
verdict for him if defendant knew at the time of the
sale one of the mules had the disease alleged in the
petition, and concealed the fact from plaintiff. We find
no direct proof of the purpose for which plaintiff pur-
chased the mules or that he notified defendant he was
buying them for some special use. Yet it is inferable
from the circumstances in proof they were bought for
farm work and defendant knew this. Hence, according
to the doctrine of Grigsby v. Stapleton, 94 Mo. 423, if
defendant knew one of the animals had a disease which
would unfit her for plaintiff's purpose, he might have
been liable if the petition had declared on his failure
to inform plaintiff of the fact. How a jury should be
instructed in a case depends, in some measure, on the
issues framed by the pleadings, and plaintiff averred a
fraudulent statement, as, indeed, he was compelled to
do to obtain rescission when defendant had expressly
refused to warrant; that is, to make his statement part
of the contract of sale. [Benjamin, Sales (6 Ed.), p.
449.] The gravamen of the petition before us is that
defendant purposely induced the sale by making a spe-
cific false statement, to-wit; that if there was anything
wrong with the mules he did not know it, and they had
been all right since he owned them, when he knew one
of the mules was afflicted with the disease known as
Moon-eye, and that his statement was false; and it is
further charged to have been made with intent to de-
ceive and defraud plaintiff. Obviously the petition does
not ask rescission either because defendant was aware
of the purpose for which plaintiff was buying the mules
and concealed a fact known to him which would unfit

Grojean v. Darby.

her .for the purpose, or because he innocently misrepresented the facts. The instruction for plaintiff not only broadened his right of recovery so as to include a cause of action not stated, but to include one untenable in law. It laid defendant liable for not revealing a disease of which he knew, regardless of whether he was aware of the purpose for which plaintiff was buying and that the disease would render the span of mules unsuitable, and even regardless of whether a sound price was paid. This doctrine is further than the law goes, and it was peculiarly inapplicable to the present case wherein, confessedly, defendant refused to warrant the soundness of the animals. [Lindsay v. Davis, 30 Mo. 406; Moore v. Koger, 113 Mo. App. 423.] Under the pleadings and the evidence defendant's liability depended on proof of his having made fraudulently a certain misrepresentation. The first instruction for defendant was within the pleadings, evidence and law in requiring the jury to find he had represented as alleged in the petition, knowing what he said was untrue and that the mule had Moon-eye. Plaintiff's brief criticises the requirement of a finding that defendant knew the mule had Moon-eye, it being argued he was guilty of deceit if he knew she had a "latent disease of any kind" when he said if there was anything wrong with the animals he did not know it. Knowledge by defendant that one of them had a disease of a serious nature, would falsify his statement and afford a cause of action. But this case was tried throughout by both parties with reference to the issues framed by the pleadings; and, as said, the petition charged that one of the mules had Moon-eye when plaintiff bought her and that defendant knew she was afflicted with said disease. All the testimony adduced by plaintiff on the issue of whether the animal was diseased, went to prove she had Moon-eye and defendant was aware of the fact. There was no

135 App—38

proof she had any other serious malady.  Moreover, the instruction requested by plaintiff proceeded on the same theory; for it required the jury to find one of the animals was diseased "in the manner and form as charged in the petition of plaintiff; that said defect or disease was known to defendant and unknown to plaintiff," etc.  The instructions for defendant were drawn to fit the issues and refer to the jury the specific questions of fact raised by the pleadings and which alone were supported by testimony.

Another ground of complaint of the first instruction for defendant is this: the jury was required to find knowledge on defendant's part that his statement was false; whereas if he knew, *or had reason to believe,* one of the mules had a latent disease of any kind, it was his duty to disclose the fact.  The brief says plaintiff was only required to prove one of the mules had a disease and "defendant knew, *or should have known the mule* had some kind of a disease, and did not disclose his knowledge in that behalf to plaintiff."  This is no case for the use of the doctrine that a guilty scienter will be imputed to a party who states as a fact of his own knowledge something he neither knew or had reason to believe he knew to be true, and which was, in fact, false.  Instances for the application of said doctrine arise now and then in actions in the nature of the old action of deceit.  [Hamlin v. Abell, 120 Mo. 188; Lovelace v. Suter, 93 Mo. App. 429.]  This action we take to be for rescission, and the scienter would be immaterial if the petition had not made it the gist of the case.  We know of no decision which applied the doctrine of what we may call imputed scienter in this kind of action.  But we need not hold it never can be applicable to such a case.  It is enough to say the facts before us would exclude the doctrine.  Defendant had owned the mules four or five months and observed the condition of their eyes.  He was not pretending knowledge of a subject of which he was aware he had no

knowledge. But one of two conclusions is possible; he either knowingly and wilfully misrepresented the condition of the mules, or his statement was innocent.

It is insisted further the law laid defendant liable for any latent disease the mule had and which plaintiff could not have discovered on inspection, because defendant had special means of knowledge. This contention, like the one just considered, wanders far outside the issues and is wholly unsound. In view of the fact that defendant refused to warrant the animals in any respect, and especially refused to warrant good eyes, he is not liable for what he might have known or had peculiar opportunities to know, if he did not know, and, knowing, misstate. The fraud must be established. See cases cited in Lovelace v. Suter, supra.

The second instruction for defendant is said to have relieved him from the duty imposed upon him by law to lay open or reveal the material facts within his knowledge relating to the cause of soreness in the mule's eyes, and to have announced the doctrine that defendant could discharge said duty by vague hints and suggestions. The charge did nothing of the kind, but required the jury first to find defendant did not know one of the animals had Moon-eye, and told them if this fact was found and defendant drew plaintiff's attention to the instance of one animal having had an eye ailment, and defendant only gave his opinion of the cause of the ailment, there was no false representation. This proposition is sound and based on evidence. The charge is not perfectly drawn, but contains nothing to cause a reversal. It declared, in effect, no false representation occurred if defendant was ignorant of the existence of the disease alleged; which is true for all the purposes of the case. Plaintiff could not recover unless defendant knew the disease alleged existed; for, as said, there is neither averment nor proof the animal had any other eye disease of a severe type. The instruction further charged, in effect, that if, being ignorant said disease

existed but aware the mule's eyes had been sore, defendant stated this fact, then the rule *caveat emptor* applied. It does apply under the circumstances, unless there was a false statement as averred.

The judgment is affirmed. All concur.