C. A. CRAMPTON *v*. JAY LAMONDA.

January Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 3, 1921.

*Fraud—Proof of Scienter Essential—False Warranty—Question for Trier—No Implied Warranty in Face of Express Stipulation that Property Is not Warranted—Immaterial Findings.*

1. Proof of *scienter* is necessary to make a case of actionable fraud.
2. In an action for false warranty in the sale of cows, where the evidence was contradictory, the question of warranty was one of fact for the trier.
3. Where there is an express stipulation by the seller of personal property that the property is not warranted, the law will not imply a warranty.

4. A party is not prejudiced by findings of fact that can be rejected without affecting the result, nor by the refusal of the court to comply with requests for findings that are rendered immaterial by a finding supported by direct evidence.

ACTION OF TORT for deceit and false warranty in the sale of eight cows brought in the St. Albans City Court. Trial by Court, *Nathan N. Post,* City Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case.

. *Elmer Johnson* for the plaintiff.

*H. F. Brigham* and *M. H. Alexander* for the defendant.

TAYLOR, J. This action is in tort for deceit and false warranty in the sale of cows. The trial, which was by court, resulted in a judgment for the defendant. The court first found the following facts: The negotiations were had at one Peter Labombard's in Bakersfield, about a mile from the defendant's farm, where the plaintiff was visiting. The plaintiff was at the time sick in bed. Hearing that the defendant had cows for sale, he had stopped at the defendant's barn and looked into the stable before he was taken sick, but had not looked the cows over particularly. He sent for the defendant to come to Mr. Labombard's, where on the evening of January 19, 1920, the trade was "talked up," and it was arranged that the papers—chattel mortgage and notes—should be drawn there the next day. On January 20th the parties met as agreed, when more talk was had between them, and the trade was closed by which eight cows were sold to the plaintiff for $600. These cows had been purchased by the defendant with his farm about October 15, 1919. Soon after the trade was closed Mr. Labombard, for the plaintiff, went for the cows, and they were delivered to him by the defendant and driven to the plaintiff's farm in Swanton. In conclusion the court found that the defendant did not warrant the cows and that there was no fraud nor deceit in the sale.

The plaintiff requested additional findings, in connection with which most of the exceptions argued were taken. Complying with these requests in part, the following additional findings were made: At the time in question the plaintiff was desirous of buying eight cows to put on his farm for dairy purposes. The

11

defendant then had sixteen cows and wanted to sell some of them. At their meeting plaintiff told the defendant that he wanted eight good straight cows that were all right, and coming in, for use on his farm, all right for him to milk; and the defendant told the plaintiff he had eight cows he would sell. As a result of their conversations, the plaintiff bought of the defendant eight cows of the average price of $75 each, and the following day the plaintiff paid for the cows with two notes of $300 each, secured by a mortgage on the cows bought, and on other cows. One of the notes was afterwards paid, and the other was not yet due at the time of the trial. The plaintiff, an old man, was at the time confined to the house by illness, and was unable to and did not examine the cows, but relied upon the defendant to select from his dairy such cows as the latter had sold to him. At the time of the sale the defendant gave the plaintiff no description of the particular cows he was selling, nor was any description given that would have enabled the plaintiff or any one else to identify them, but the location of the cows in the barn was known, and they were looked over by Mr. Labombard, whom the plaintiff sent to get and drive the cows to plaintiff's farm. Upon Mr. Labombard's asking for the cows, the defendant selected eight cows from his dairy, turned them into the yard, and they were driven away by plaintiff's servant. It appeared that one of the cows had some trouble with her lungs. The plaintiff was obliged to and did sell this cow, soon after getting her, for $18.75, which was all she was worth. Another cow was blind in one eye, and was not to freshen for several months after the time of the sale, in fact had not freshened at the time of the trial (July 3-8, 1920).

[1] The plaintiff insisted that he was entitled to a judgment upon the facts found, and saved an exception to the judgment thereon for the defendant. For convenience this exception will be considered first. It is not claimed, nor could it well be, that the findings make a case of actionable fraud. *Scienter* is not found without which such an action cannot be maintained. *Caldbeck* v. *Simanton,* 82 Vt. 69, 71 Atl. 881, 20 L. R. A. (N. S.) 844; *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148; *Bartlett* v. *Bonazzi,* 91 Vt. 192, 99 Atl. 886; *Arnold* v. *Somers,* 92 Vt. 512, 519, 105 Atl. 260.

[2, 3] The plaintiff relies upon the claim that the facts found give a cause of action on an implied warranty that the

·cows sold were fit for dairy purposes. It is urged that the findings respecting what the defendant was told concerning the kind of cows wanted and for what purpose, that at the time of the purchase he was unable to and did not examine the cows, and that in pursuance of the bargain the defendant delivered two cows unfit for the purpose specified, though he charged and received a sound price therefor, compel a judgment for the plaintiff. If it were not for the finding that there was no warranty, there would be considerable ground for plaintiff's claim. See *Best* v. *Flint,* 58 Vt. 543. But if that finding stands, it presents an insurmountable barrier to the plaintiff's recovery on this branch of the case. It was excepted to as not being supported by the evidence, and this exception is argued. The record discloses testimony that the defendant told the plaintiff in the course of the negotiations that he would not warrant any cows he had in the barn; that plaintiff would have to take the cows just as they were, if he took them. Though this evidence was contradicted, it made the question of warranty one of fact for the trier, and was sufficient to support the finding. Personal property may be sold with or without warranty; and, where there is an express stipulation that the property is not warranted, the law will not imply a warranty. *Case Threshing Mac. Co.* v. *McClamrock,* 152 N. C. 405, 67 S. E. 991; *Leonard Seed Co.* v. *Crary Canning Co.,* 147 Wis. 166, 132 N. W. 902, 37 L. R. A. (N. S.) 79, Ann. Cas. 1912 D, ·1077, and note; *Blizzard Bros.* v. *Growers' Canning Co.,* 152 Ia. 257, 132 N. W. 66; *Grojean* v. *Darby,* 135 Mo. App. 586, 116 S. W. 1062; *Kibbe* v. *Woodruff,* 94 Conn. 443, 109 Atl. 169; 24 R. C. L. 176, § 449. The contention that the bargain was closed before the defendant made known that he would not warrant the cows is untenable. It fairly appears that the statement, if made, came while the writings were being prepared, and so when neither party was bound.

The plaintiff excepted to the finding that there was no fraud in the sale, on the ground that the undisputed evidence disclosed the contrary. When given the meaning that there was no actionable fraud, which was evidently intended, the finding is unexceptionable, for, on the evidence, it was at least for the court to say whether *scienter* had been established.

[4]   The exceptions to the findings that the agreed price per cow was an "average" price, and that "the location of the cows in the barn was known and they were looked over by Mr.

Labombard,'' as unsupported by the evidence, do not in any event present reversible error. The plaintiff is not prejudiced by the findings, since they can be rejected without affecting the result. *Waterman* v. *Moody,* 92 Vt. 218, 236, 103 Atl. 325.

The plaintiff excepted to the refusal of the court to comply fully with certain requests for findings. It is enough to say with respect to the questions presented by these exceptions that the requested findings would be material only on the ultimate question of an implied warranty; and, as that is disposed of by a finding supported by direct evidence that there was no warranty, they became immaterial and their refusal was harmless.

*Judgment affirmed.*