FRIESEN, RESPONDENT, v. HART–PARR CO., APPELLANT.

(No. 4,848.)

(Submitted September 14, 1922.  Decided October 10, 1922.)

[209 Pac. 986.]

*Sales—Warranties—Breach—Trial—Instructions—Law of Case.*

Sales—Second-hand Machinery—Warranties—When Action for Breach not Maintainable.
1. Where a contract of sale of farm machinery expressly stipulated that as to second-hand or rebuilt machinery there was no warranty, the buyer bought it without warranty.

Same—Parties may Stipulate That Sale is Without Warranty.
2. The parties to a contract of sale of machinery may expressly stipulate that the property sold is not warranted.

Same—Construction of Contract—Duty of Courts.
3. In an action on a contract courts must assume that the parties knew of and understood all its provisions and stipulations, and, if not unlawful, must enforce it.

Same—When Action for Breach of Contract Does not Lie.
4. Where a contract specifically provides that the article sold is sold without warranty, the buyer cannot recover on a breach of warranty, and in such an action evidence of an alleged breach of warranty is inadmissible.

Trial—Instructions—Law of Case.
5. The instructions of the court are the law of the case so far as the jury is concerned in arriving at its verdict.

*Appeals from District Court, Valley County; H. C. Hall, Judge.*

ACTION by Jacob R. Friesen against the Hart-Parr Company. From judgment for plaintiff and order denying motion for new trial, defendant appeals. Judgment and order reversed and cause remanded, with instructions to enter judgment for defendant on its counterclaim.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

*Mr. C. H. Roberts,* for Respondent, submitted a brief.

MR. JUSTICE FARR delivered the opinion of the court.

The plaintiff purchased of the defendant a "rebuilt" Hart-Parr tractor, together with other machinery, under a written

contract, and this action was brought by him for damages for breach of certain warranties claimed by him to exist in his favor by virtue of the contract. The trial resulted in a verdict and judgment for the plaintiff in the sum of $800, from which judgment and the order denying defendant's motion for new trial, it appeals.

The complaint does not set out the contract or the warranties in full, but they are contained in the answer, and a copy of the contract was admitted in evidence without objection. There is not any dispute as to the language of the warranties claimed. While it is difficult to determine from the complaint what was plaintiff's theory of recovery, the complaint does not state a cause of action upon any theory other than that of an action for damages for the alleged breach of warranties claimed to exist by the contract in plaintiff's favor. The case was tried by both parties and the court upon the theory that it was an action for damages for breach of contract of warranty.

The first specification of error is directed to the sufficiency [1] of the evidence to sustain the verdict. The plaintiff declares on the contract, and he is bound by its provisions. Paragraph 5 thereof provides that "the above machine, if new, is purchased upon and subject only to the following warranty." Then follow paragraphs 6, 7, 8 and 9, containing the warranties; paragraph 9 being: "The purchaser understands and agrees that there is no other warranty, express or implied, statutory or otherwise, relative to the purchase and sale of above machinery, and with reference to second-hand or rebuilt machinery it is agreed that there is no warranty." This tractor was a "rebuilt" tractor, and therefore as to it it was "agreed that there is no warranty."

Personal property may be sold with or without warranty; [2, 3] and the parties to a contract of purchase may expressly stipulate, as they did by the contract in this case, that the property sold is not warranted (*Crampton* v. *Lamonda,* 95 Vt. 160, 114 Atl. 42; 35 Cyc. 393.) This court must assume that the parties entered into the contract with their eyes open,

having known and understood all its provisions and stipulations, and both the parties are equally bound thereby. (*State Bank of Darby* v. *Pew*, 59 Mont. 144, 195 Pac. 852; *Leigland* v. *Rundle Land & Abstract Co.*, ante, p. 154, 208 Pac. 1075.) As was said by this court in the case of *Best Mfg. Co.* v. *Hutton*, 49 Mont. 78, 141 Pac. 653, speaking through Mr. Justice Sanner: "When private parties freely contract with each other and the terms of the contracts are not unlawful, it is the duty of courts to enforce them."

There being no warranty under the express terms of the [4]   contract as to the "rebuilt" tractor, the evidence as to any alleged breach of any warranty was clearly inadmissible and is to be disregarded. Plaintiff having grounded his cause of action upon a breach of warranty, and the contract not containing any warranty as to the tractor purchased by him, the contract specifically providing that "as to it there is no warranty," there can be no recovery by him in this case.

We do not hold that plaintiff has no remedy against defendant if the defendant did not deliver to him the tractor or the kind of a tractor described in the contract, but plaintiff has elected his remedy, and, so far as this case is concerned, he is held to his election.

Because the evidence is insufficient to sustain the verdict, the judgment of the court cannot be sustained on any theory, and the other specifications of error need not be considered. It may be briefly stated, however, that it is impossible to reconcile [5]   the jury's verdict with the court's instructions, which became the law of the case so far as the jury was concerned in arriving at its verdict.

The defendant made a counterclaim against the plaintiff, based upon three notes totaling $1,500, representing a part of the purchase price of the tractor and other machinery sold. It alleged foreclosure of a chattel mortgage given to secure the payment of these notes, and that, after applying the proceeds of the foreclosure sale, there was a balance due defendant of $1,245.50, with interest and attorney's fees, and during the

course of the trial it was stipulated that the reasonable attorney's fees to be allowed defendant's attorneys were $200 in case the verdict was in favor of the defendant on the counterclaim, and that the amount due upon the notes at the time of the trial, July 12, 1920, was $1,422.

The judgment and the order denying defendant's motion for a new trial are therefore reversed and the cause is remanded, with instructions to the district court to enter a judgment in favor of the defendant and against the plaintiff upon the counterclaim, in the amount mentioned in the stipulation as due the defendant at the time of the trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.