BIERING ET AL., APPELLANTS, *v.* RINGLING, RESPONDENT.

(No. 5,990.)

(Submitted November 12, 1926.   Decided January 17, 1927.)

[252 Pac. 872.]

*Written  Contracts  Supersede  Prior  Oral  Negotiations—Complaint—Insufficiency.*

Appeal—Complaint Held Insufficient on Demurrer—Test for Determining Sufficiency.

1. On appeal, in determining the sufficiency of a complaint held insufficient on demurrer, the test to be applied is whether it states a cause of action on any theory, irrelevant and redundant matter being disregarded.

Written Contracts Supersede All Previous Oral Negotiations Relating Thereto.

2. *Held,* under section 7520, Revised Codes of 1921, declaring that a contract in writing supersedes all oral negotiations relating thereto which precede the execution of the writing, that where the parties averred that the parties had entered into a written contract in consequence of operations under which disputes had arisen between them culminating in a written agreement whereby each party released the other from all obligations under the contract, and then alleged that prior to such written release an oral contract had been made between them relating to matters arising out of the canceled one, under which defendant bound himself to pay to plaintiff a certain sum of money, the court properly sustained a demurrer thereto, such oral agreement, if made, having been superseded by the written release.

Same—Courts must Enforce Terms as Written, not Make New Ones for Parties.

3. Courts must enforce written contracts as made by the parties who are *sui juris,* and not make new ones for them, no matter how unreasonable the terms may appear to be from a business standpoint as to either party, it being their duty to hold the parties to such terms when they are understandable and free from ambiguity.

Same—If Contract not Expressive of Parties' Intentions, Remedy is by Having It Reformed.

4. If a party claims that a written contract does not correctly state the true terms of the agreement, he must have it reformed

3.  See 6 R. C. L. 835.
4.  See 6 R. C. L. 839.

78 Mont.—10

and recover on it as reformed, if at all; but he cannot recover on an oral preceding agreement differing from that which was reduced to writing.

[1] Appeal and Error, 4 **C. J.**, sec. 2573, p. 675, n. 63. Pleading, 31 **Cyc.**, p. 101, n. 94; p. 102, n. 98.

[2] Contracts, 13 **C. J.**, sec. 484, p. 524, n. 26; sec. 515, p. 544, n. 37. Release, 34 **Cyc.**, p. 1075, n. 39.

[3] Contracts, 13 **C. J.**, sec. 485, p. 524, n. 30; p. 525, n. 33, 34, 37, 38, 39.

[4] Evidence, 22 **C. J.**, sec. 1621, p. 1217, n. 69; sec. 1626, p. 1220, n. 97. Reformation of Instruments, 34 **Cyc.**, p. 907, n. 32; p. 908, n. 38; p. 920, n. 7.

*Appeal from District Court, Gallatin County; O. F. Goddard, a Judge of the Thirteenth District, presiding.*

ACTION by H. C. Biering and another against Richard T. Ringling. From a judgment for defendant, plaintiffs appeal. Affirmed.

*Messrs. Walker & Walker, Messrs. Haight, Alcock, Haight & Harris* (the latter of the Bar of Chicago, Illinois), *Mr. Franklin D. Tanner* and *Mr. C. A. Peterson,* for Appellants, submitted a brief; *Mr. C. E. Carlson,* of Counsel, and *Mr. Tanner* argued the cause orally:

Citing: 10 R. C. L., p. 1019; Wigmore on Evidence, secs. 2429, 2430; 22 C. J., 1070, 1283, 1288; *Weaver* v. *Wood,* 9 Pa. 220; *Andrews* v. *Brewster,* 124 N. Y. 433, 26 N. E. 1024; *Foster* v. *Wright* (Tex. Civ. App.), 217 S. W. 1090; *Barker* v. *Bradley,* 42 N. Y. 316, 1 Am. Rep. 521; *Rines* v. *Ferrell,* 107 Minn. 251, 119 N. W. 1055; *Edwards* v. *City Nat. Bank,* 83 Okl. 204, 201 Pac. 233; *Remington* v. *Atkinson,* 107 Misc. Rep. 389, 177 N. Y. Supp. 723; *Bank of Metropolis* v. *Kennedy,* 17 Wall. (U. S.) 19, 21 L. Ed. 554; *De St. Aubin* v. *Marshall Field & Co.,* 27 Colo. 414, 62 Pac. 199; *Finnerty* v. *Stratton's Estate,* 53 Colo. 17, 123 Pac. 667; *Brockway* v. *Blair,* 53 Mont. 531, 165 Pac. 455; *Bohn Mfg. Co.* v. *Harrison,* 13 Mont. 293, 34 Pac. 313; *Erickson* v. *Wiper,* 33 N. D. 193, 157 N. W. 592; *Marianna Hotel Co.* v. *Livermore Foundry & Machine Co.,*

107 Ark. 245, 154 S. W. 952; *Pearsall* v. *Henry,* 153 Cal. 314, 95 Pac. 154, 159; *Guidrey* v. *Green,* 95 Cal. 630, 30 Pac. 786.·ˈ

*Mr. D. W. Kelly* and *Mr. Hubert D. Bath,* for Respondent, submitted a brief and argued the cause orally.

Citing: *Dollar* v. *International Banking Corp.,* 13 Cal. App. 331, 109 Pac. 499, 504; *Rottman* v. *Hevener,* 54 Cal. App. 474, 202 Pac. 329; *Pacific States Security Co.* v. *Steiner,* 192 Cal. 376, 220 Pac. 304; *Butterick Pub. Co.* v. *Fisher,* 203 Mass. 122, 133 Am. St. Rep. 283, 89 N. E. 189; *Mears* v. *Smith,* 199 Mass. 319, 85 N. E. 165; *Donnell* v. *Humphreys,* 1 Mont. 518; *Fisher* v. *Briscoe,* 10 Mont. 124, 25 Pac. 30; *Nelson* v. *Spears,* 16 Mont. 351, 40 Pac. 786; *Ramstell* v. *Clark,* 20 Mont. 103, 49 Pac. 591; *Gaffney Merc. Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115; *Riddell* v. *Peck-Williamson H. & V. Co.,* 27 Mont. 44, 69 Pac. 241; *Easterly* v. *Jackson,* 29 Mont. 496, 75 Pac. 357; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Western Loan & Sav. Co.* v. *Smith,* 42 Mont. 442, 113 Pac. 475; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019; *Rowe* v. *Emerson-Brantingham Implement Co.,* 61 Mont. 73, 201 Pac. 316; *Cook* v. *Northern Pac. Ry. Co.,* 61 Mont. 573, 203 Pac. 512; *Leighland* v. *Rundle L. & A. Co.,* 64 Mont. 154, 208 Pac. 1075; *Webber* v. *Killorn,* 66 Mont. 130, 212 Pac. 852; *Hinerman* v. *Baldwin,* 67 Mont. 417, 215 Pac. 1103; *Schauer* v. *Morgan,* 67 Mont. 455, 216 Pac. 347; *Wheeler* v. *James,* 70 Mont. 37, 223 Pac. 900; *Dick* v. *King,* 73 Mont. 456, 236 Pac. 1193; *McDaniel* v. *Hager-Stevenson Oil Co.,* 75 Mont. 356, 243 Pac. 582.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action to recover the sum of $400,000, alleged damages for breach of contract. A demurrer was interposed to the complaint and by the court sustained. The plaintiffs,

electing to stand on their complaint, suffered judgment to be entered against them, and therefrom have appealed.

The only question presented for decision is whether the complaint states a cause of action. The complaint is voluminous, so that we shall review only sufficient of its allegations to make clear the reasons for the conclusion reached. It is averred that, on or about the twelfth day of April, 1921, the plaintiff M. S. Cunningham entered into a written contract with the defendant, by the terms of which the defendant agreed to furnish the required finances in securing oil and gas leases on lands within the Crow Indian Reservation and in the exploration and development of such lands for oil and gas. Immediately thereafter the parties to the contract entered upon its performance, and Cunningham complied with all·of its provisions on his part to be kept and performed. It is then alleged, in substance, that, at the time that the parties to the contract were endeavoring to obtain such leases, other persons were engaged in like enterprise, and there was keen competition among other oil operators to secure such lands; that, following the execution and delivery of leases for such lands to Cunningham and the defendant, they received several offers for their interest in the leases by them obtained, the price so offered being in large amounts, and in the month of October, 1921, they were offered for their oil and gas leases the sum of $35,000 in cash, and seven and one-half per cent of the gross amount of oil and gas produced; that the defendant refused to accept such offers on the ground that they were of greater value, although the plaintiff Cunningham was of different opinion, and urged the sale thereof; that, during the dispute between Cunningham and the defendant in regard to the proposed sale of their interest in such oil leases, the defendant proposed and agreed that in any event he would make good to the plaintiff Cunningham the amount of money that the latter would have realized from the sale of such leases to the persons offering to buy the same; that within a short time thereafter the defendant refused to proceed any further with negotiations for the sale of such

leases, and refused to have anything further to do with such oil operations, or to proceed any further under such contract, and failed, neglected and refused to secure, or attempt to secure, the approval of the secretary of the interior to any of such leases; that, during the time the defendant and Cunningham were engaged in such business, the defendant failed and refused to fully finance such operations, and the plaintiff Cunningham was compelled to, and did, expend large sums of money from his own personal funds in paying the necessary expenses of such operations, a large part of which was borrowed by Cunningham on promissory notes upon which both the plaintiffs were signers and liable; that numerous disputes arose between the parties in regard to finances connected with such business operations; that, after the defendant refused to have anything further to do with such oil leases, or to proceed further under the contract, Cunningham made repeated demands that defendant reimburse him for the moneys expended by him in such operations, and that the defendant comply with his agreement to compensate Cunningham for the loss alleged to have been sustained by him by reason of the failure of defendant to accept the offer made to buy the leases; and during such period the defendant repeatedly requested and demanded that some arrangement be made to cancel the contract hereinbefore described, to the end that his liability to Cunningham, by reason of the contract, and operations thereunder, be fully settled and discharged, and for the further reason that he feared that other persons would make claims and bring suits against him for large amounts under the contract; that, in consequence, the plaintiffs suffered great financial inconvenience in substantial amount, the details of which are reviewed, and the defendant is charged with full knowledge of all of these facts.

Plaintiffs further aver that, for a period of about a year prior to the twenty-first day of December, 1922, the defendant and the plaintiff Cunningham had from time to time discussed their affairs, arising from their business operations, and the

claims and demands of Cunningham growing out of the same, with a view to the settlement and adjustment of all their differences without litigation, none of which discussions resulted in any settlement of their differences, Cunningham steadfastly and continuously insisting that the defendant should pay at least the sum of $250,000 on such settlement; that defendant was in fact liable to Cunningham for large sums, because of the facts above stated and defendant's breaches of the contract; that thereafter, on or about the twenty-first day of December, 1922, in Gallatin county, plaintiffs and defendant agreed that the defendant and plaintiff Cunningham should execute and deliver between them a release of the written contract, dated April 12, 1921, mutually terminating and canceling the same, each party releasing the other from all liability and obligations arising thereunder; and that the plaintiff Biering obligated himself to pay to the plaintiff Cunningham certain moneys; and that the defendant should pay to the plaintiffs the sum of $10,000 as soon as possible, but in any event by April 1, 1923, and also pay promptly, or cause to be paid, the indebtedness of the plaintiffs in the sum of $90,000 to the Spokane & Eastern Trust Company, or should promptly pay to the plaintiffs the sum of $90,000.

It is then averred: "That subsequent to the making and entering of said oral agreement, and by way of part performance of the provisions of the same by said Cunningham and said defendant, the said Cunningham did execute with the defendant Ringling a release of said written contract between them, mutually terminating and canceling said contract, and which release and cancellation was written across the face of said written contract by defendant's attorney, and reads in words and figures following, to-wit: 'It is hereby mutually agreed that the foregoing contract is terminated, canceled, and shall be, for all purposes, after the date hereof, considered null and void, and each party releases the other from all liability and obligation arising under the same. Dated December 21, 1922. Richard T. Ringling. M. S. Cunningham. Witness: Hubert

D. Bath.' That, although the said M. S. Cunningham did cancel the said contract in accordance with and in performance of plaintiffs and his part of the said settlement agreement, as aforesaid, the defendant has failed and refused to comply with his part of said settlement agreement, although he has received and accepted the benefit of said plaintiff's performance thereof, and has failed and refused to pay to said plaintiffs the said sum of $10,000, or any part thereof, and has failed and refused to pay to these plaintiffs, or either of them, or to the said Spokane & Eastern Trust Company, the said $90,000 or any part thereof.''

In determination of the sufficiency of the complaint, the [1] standard of measurement has been settled by repeated decisions of this court (see *Anderson* v. *Border,* 75 Mont. 516, 244 Pac. 494, and cases there collected), the rule being that the complaint will be held sufficient where a cause of action is stated on any theory. Therefore, in determining the sufficiency of the complaint, we have only to measure the allegations thereof to this fixed standard. The real question for decision then is: Does the complaint meet the test irrespective of whether the plaintiff may be able to support his theory as to his cause of action?

In arriving at conclusion, irrelevant and redundant matter must be disregarded, and determination made from the allegations of the complaint alone as to whether the plaintiffs, from any viewpoint, are entitled to recover. (*Stiemke* v. *Jankovich,* 68 Mont. 60, 217 Pac. 650; *State ex rel. Rankin* v. *Martin,* 68 Mont. 392, 219 Pac. 632; *Anderson* v. *Border, supra.*)

The statute provides that ''the execution of a contract in [2] writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.'' (Sec. 7520, Rev. Codes 1921.)

Under the facts alleged it is plain that the oral negotiations and agreements all preceded, or were contemporaneous with, the execution of the mutual discharge and release contract

pleaded. The original agreement was in writing, dated April 12, 1921. In consequence of operations under it, disputes arose between the parties thereto with regard to their respective rights. The controversy was continued until December 21, 1922, when a contract in writing was solemnly executed by them, written across the face of the original agreement, reciting that by mutual agreement the first contract is to be considered "terminated, canceled, and shall be, for all purposes, after the date hereof, considered null and void, and each party releases the other from all liability and obligation arising under the same."

By thus removing the foundation of plaintiff's right of recovery upon the original written contract, the oral negotiations between the parties preliminary to the release contract will not sustain the plaintiff's cause of action. They effectually destroyed whatever cause of action existed. They now seek to recover on an oral agreement adjusting the rights of the parties, alleging that on the same day a contract in writing was entered into whereby each party relieved the other from all liability and obligation. Their position is, to say the least, inconsistent, and entirely at variance, with the language of the statute and with numerous decisions of this court construing and applying it. (*Gaffney Merc. Co.* v. *Hopkins,* 21 Mont. 13, 52 Pac. 561; *Sanford* v. *Gates,* 21 Mont. 277, 53 Pac. 749; *Ming* v. *Pratt,* 22 Mont. 262, 56 Pac. 279; *Armington* v. *Stelle,* 27 Mont. 13, 94 Am. St. Rep. 811, 69 Pac. 115; *Easterly* v. *Jackson,* 29 Mont. 496, 75 Pac. 357; *Kelly* v. *Ellis,* 39 Mont. 597, 104 Pac. 873; *Leigland* v. *Rundle L. & A. Co.,* 64 Mont. 154, 208 Pac. 1076; *Wheeler* v. *James,* 70 Mont. 37, 223 Pac. 900.)

The allegations of the plaintiff's complaint in this action are not dissimilar to those held vulnerable to demurrer in the case of *Kelly* v. *Ellis,* above cited. The latter case clearly shows the reason for the rule in the instant case applied. In that case the plaintiff Kelly alleged that he was the owner of a ranch and a band of sheep and equipment in Sweet Grass county, and that he entered into negotiations with a representa-

tive of the Briggs & Ellis Company for the sale of his holdings to that company; that at the time of such negotiations he held position as receiver of the United States Land Office at Bozeman, Montana, having an income therefrom of $3,000 per year, in addition to his income from his ranch property and sheep business, and that the plaintiff Kelly and the defendants entered into an oral agreement whereby he should sell his lands, sheep and other personal property to the firm of Briggs & Ellis, resign as receiver of the land office and enter into the employ of the Briggs & Ellis Company as manager of its ranch and sheep business in Sweet Grass county, and be paid for his services as such manager the sum of $2,000 per year, together with his expenses and the living expenses of himself and wife, and that such understanding and agreement induced him to make sale of his property at an amount less than its market value, and that, had it not been for such agreement that he should be given employment as such manager, he would not have made sale to the company on the terms of the contract in writing. It appears that he signed a memorandum contract in writing which did not contain any reference whatsoever to his employment as local manager, although he at first refused to sign the same because of such omission; however, upon being assured that it would make no difference as to the real contract between the parties, he executed the agreement. The court held to the declaration of the law made by the statute that a contract in writing supersedes all prior or contemporaneous negotiations and stipulations relating to the subject matter of the agreement between the contracting parties, and on this rule affirmed the judgment sustaining a demurrer in an action for damages brought by Kelly against Briggs & Ellis for breach of the contract.

It is the province of courts to enforce the contract as made [3] by the parties, and not to make new ones for them, no matter how unreasonable the terms may appear from a business standpoint as to either of the parties. (*McConnell* v. *Blackley,* 66 Mont. 510, 214 Pac. 64, and Montana cases there

collected.)   The court must assume that the parties understood the terms of the contract and its effect.   (*Friesen* v. *Hart-Parr Co.,* 64 Mont. 373, 209 Pac. 986.)   The parties being *sui juris,* the courts are not in position to afford them relief from the effects of unwise or improvident contracts; it being rather their duty to hold the parties to the strict terms of their written agreements when the language of the contract is understandable and free from ambiguity.   (*Hinerman* v. *Baldwin,* 67 Mont. 417, 215 Pac. 1103; *Dick* v. *King,* 73 Mont. 456, 236 Pac. 1093.)

The decision of this court in the case of *Biering and Cunningham* v. *Ringling,* 74 Mont. 176, 240 Pac. 829, is cited and relied upon by the plaintiffs in support of their contention. In our opinion that case is wholly without application.   There we had under consideration the rules of evidence applicable in proving an oral contract, while here we are dealing with a substantive right.   There the question was as to the admissibility of writings tending to prove the existence of the oral contract; here we have a right asserted on an oral agreement, accompanied with an averment that the parties at the same time entered into a contract in writing which is set forth at length.   Here the question is, in view of the writing, Can the plaintiffs recover?   There the question was as to whether certain written memoranda contemporaneously made in furtherance of an oral understanding, were admissible as tending to prove the existence of the alleged oral agreement.   The fallacy of the appellants' position throughout is their failure to distinguish between rules of evidence and statutory declarations as to substantive rights.

A party to a written contract who claims that it does not [4] correctly state the true terms of the agreement, and that he was led to sign the same by the fraudulent representations of the other party thereto, cannot recover upon the oral agreement, but must first have the written agreement reformed. Recovery cannot be had upon an oral agreement differing in its terms from the written evidence of it as made by the par-

ties. (*Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 277, 53 Pac. 749; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019.) If, through fraud or mistake, a writing does not truly express a party's intention, it may, in view of section 8726 of the Revised Codes of 1921, on application of the party aggrieved, be revised so as to express such intention. (*McDaniel* v. *Hager-Stevenson Oil Co.,* 75 Mont. 356, 243 Pac. 582.)

It will be noted that in this action there is no attack made upon the validity of the written contract of settlement for alleged inadvertence, fraud, mistake or otherwise; recovery simply being sought upon independent oral understandings of the same date. Accordingly, it must be manifest that the court properly applied the law in sustaining the demurrer to the complaint.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES STARK and MATTHEWS and HORSKY, District Judge (sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified), concur.