ROBERT E. SUSENA *v.* EUGENE RECOR.

January Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed October 6, 1931.

448

*Robert E. Susena* pro se.

*J. M. Evarts* for the defendant.

POWERS, C. J. This is a tort action for the conversion of an automobile. It was tried by the court on a general denial. Findings were filed, and judgment was rendered for the defendant. The plaintiff excepted. The findings show that on July 5, 1929, the plaintiff was in the city of Boston, and one Toussant took the former's car and went there to bring the plaintiff back to his home in Windsor. Toussant was not a licensed driver, so he took with him the defendant, who was. For some reason, the plaintiff decided not to return at that time, and he sent Toussant and the defendant back with the car, with Toussant in charge of it. They arrived at Windsor in due time, and on the night of the same day, Toussant took the car, and, accompanied by the defendant, started for his home in St. Johnsbury. While passing through the town of Norwich, and while the defendant was driving the car by direc-

tion of Toussant, an accident occurred and the car was seriously damaged.

The plaintiff did not entrust the car to the defendant, but at the time of the accident, Toussant was using the car by the plaintiff's consent.

■ The plaintiff filed thirteen requests for findings, and by a general exception to the court's failure to comply therewith, seeks a review thereof. Such a general objection reserves nothing. *Platt's Admx.* v. *Shields & Conant,* 96 Vt. 257, 266, 119 Atl. 520.

■ The plaintiff challenges the findings, or attempts to, by specific exceptions—eight in number. Of these, Nos. 1, 2, and 5, are based upon the failure to find other facts, and avail nothing. *Morgan* v. *Gould,* 96 Vt. 275, 280, 119 Atl. 517. Nos. 4, 6, and 7 are sufficiently supported by the evidence. No. 8 is to the judgment, which is adequately supported by the findings.

■ ■ No. 3 is to the finding that Toussant had had the use of the plaintiff's car on prior occasions. Assuming the sufficiency of the exception, it must be held that this finding is without supporting evidence. It is true that the defendant, when asked if he understood that the plaintiff gave Toussant the free use of the car until he returned to Windsor, replied, "Yes, he had had it before that I knew of." But the last part of this answer was stricken out as not responsive, and this left nothing in the evidence on which to predicate the finding. It does not follow, however, that the exception is to be sustained. It is expressly found that, at the time of the accident, Toussant had the plaintiff's consent to use the car. This finding is not excepted to, and is sufficient to sustain the judgment without the aid of the unsupported finding. Hence, the error was harmless and the exception is unavailing. *Waterman* v. *Moody,* 92 Vt. 218, 237, 103 Atl. 325; *Crampton* v. *Lamonda,* 95 Vt. 160, 164, 114 Atl. 42; *Platt's Admx.* v. *Shields & Conant,* 96 Vt. 257, 268, 119 Atl. 520.

*Judgment affirmed.*

NOTE. When this case was submitted, it was assigned to MR. JUSTICE WILLCOX. At the May Term it was taken over by the CHIEF JUSTICE.