DONOVAN, Appellant, *v.* McDEVITT et al., Respondents.

(No. 2,426.)

(Submitted October 7, 1907. Decided October 25, 1907.)

[92 Pac. 49.]

*Execution — Injunction — Actions — Accounting—Demurrer— Complaint—Prayer—Record.*

| | |
|---|---|
| 36 | 61 |
| 36 | 319 |
| f36 | 457 |
| 36 | 61 |
| 39 | 403 |
| 36 | 61 |
| 41 | 331 |
| 41 | 353 |
| 41 | 395 |
| f41 | 429 |
| 41 | 491 |
| 36 | 61 |
| f40 | 470 |
| 40 | 585 |

Complaint—Sufficiency—Demurrer.

1. If, under the facts stated in a complaint, the plaintiff is entitled to the relief demanded, or *any* relief, it is proof against a general demurrer.

Execution Sale—Injunction—When It will not Lie.

2. Under section 1201 of the Code of Civil Procedure, a judgment debtor whose property was about to be sold under execution after the judgment had been otherwise satisfied, had a plain, speedy and adequate remedy at law, and therefore injunction did not lie to restrain the sale.

Actions—Accounting—When not Proper Remedy.

3. Where one knows the exact amount due him from another, an action at law for a money judgment will afford him all the relief to which he is entitled, and equity will not interfere by way of an accounting, the purpose of which is to have settled a complicated account, the exact status of which the plaintiff is unable to determine for himself.

Complaint—Demurrer—When It will not Lie.

4. Where it appeared from the face of a complaint that defendant was indebted to plaintiff in a certain amount for money had and received, the pleading was proof against a general demurrer, and the fact that plaintiff demanded equitable relief by way of an accounting was immaterial.

Actions—Forms.

5. While the principles applicable to those actions for which particular forms are required at common law are recognized in this state, there is, under section 460 of the Code of Civil Procedure, but one form for civil actions, whether they be at law or in equity.

Complaint—Prayer.

6. The prayer of the complaint is no part of the statement of a cause of action.

Same—Demurrer—When Improper.

7. While section 671 of the Code of Civil Procedure makes the prayer a part of the complaint, it is made such part independently of the statement of facts constituting the cause of action, and if the facts stated in the body of the complaint entitle plaintiff to any relief, it is error to sustain a general demurrer, no matter what may be the form of the prayer, or whether there be any prayer at all.

Same.

8. Informality of the prayer in a complaint, or the total absence of one, not being one of the defects named in section 680 of the Code of Civil Procedure for which a demurrer will lie to the complaint, a de-

murrer for that reason should not be sustained, notwithstanding the provision of section 1003 of the same code, that the relief granted to plaintiff, if there be no answer, cannot exceed that demanded in his complaint.

Appeal—Judgment-roll—Record—Sufficiency.
    9. A certificate of the clerk of the district court, stating that the record on appeal in a civil case contains copies of all the papers constituting the judgment-roll, *held*, to be a sufficient compliance with the requirement of section 1736 of the Code of Civil Procedure, that upon appeal from a judgment the appellant must furnish the supreme court with a copy of the judgment-roll.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by James Donovan against James McDevitt and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Mr. C. A. Spaulding,* for Appellant.

*Messrs. Downing & Stephenson,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On November 5, 1901, James McDevitt recovered a judgment against the appellant, Donovan, in a mortgage foreclosure proceeding, and on April 19th following an order of sale was issued; but before the day of sale the parties entered into a stipulation which fixed the amount of Donovan's indebtedness to McDevitt, provided for its payment in certain installments, and for a stay of execution if such installments were paid. It also provided that McDevitt should collect rent from certain property belonging to Donovan, and apply such rentals toward the discharge of the judgment. The sum of $695 was paid by Donovan on the judgment. On October 20, 1903, counsel for McDevitt, without notice to Donovan, secured an order of sale, had certain real estate seized and sold by the sheriff and, upon the sheriff's return being filed, had a deficiency judgment for $223.07 docketed against Donovan, and on May 28, 1906, caused

an execution to be issued and certain real estate in Great Falls belonging to Donovan to be levied upon and advertised for sale to satisfy such deficiency judgment. Donovan thereupon commenced this action against McDevitt and the sheriff of Cascade county, setting forth the facts above narrated, and alleging, further, that between May 10, 1902, and November 11, 1904, McDevitt had collected rents from the property mentioned in the stipulation to the amount of $675 with which he refused to discharge his deficiency judgment, and for which he has failed and refused to account. It is further alleged that McDevitt has no other claim against Donovan, and that, after satisfying such deficiency judgment, there still remains a balance due Donovan in the sum of $451.93. The prayer of the complaint is for an injunction restraining the sheriff from selling the property seized or proceeding further under the execution, and that McDevitt be required to account for the rents received, and for general relief.

To this complaint the defendants interposed a general demurrer, which was sustained, and, the plaintiff electing to stand upon his complaint, his default was entered and judgment rendered and entered in favor of the defendants, dismissing plaintiff's complaint, dissolving a temporary restraining order theretofore issued, and awarding defendants their costs. From that judgment the plaintiff has appealed.

While some question is raised as to the sufficiency of the demurrer to raise the question determined by the district court, still, assuming, without deciding, that it was sufficient, it did not merely raise the question of the sufficiency of the allegations in the complaint to state a cause of action entitling plaintiff to the relief demanded. A general demurrer raises the question: Does the complaint state facts sufficient to constitute *a* cause of action? In other words, under the facts stated, is the plaintiff entitled to the relief demanded, or any relief? And, if so, the complaint is proof against a general demurrer. In 16 Encyclopedia of Pleading and Practice, 793, the rule is stated as follows: "Under Code procedure generally, the func-

tion of a demurrer in respect to pleadings is to determine the sufficiency of the facts alleged therein to constitute a cause of action or a defense, and not to determine whether or not facts are stated which are sufficient to entitle the pleader to the relief demanded. In other words, to sustain the demurrer it must appear that, upon the facts pleaded, no relief can be had.''

(a) Does the complaint state facts sufficient to constitute a cause of action for an injunction? It is a well-recognized rule that a court of equity will not interfere to enjoin the enforcement of a judgment, if the judgment debtor has a plain, speedy and adequate remedy at law. And that the plaintiff Donovan had such a remedy in this instance is perfectly plain. Section 1201 of the Code of Civil Procedure, among other things, provides: "\* \* \* Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment, or make such indorsement, and upon motion the court may compel it, or may order the entry of satisfaction to be made without it.'' Under this section, plaintiff could have had all the relief which an injunction would afford him, and for this reason his complaint does not state facts sufficient to warrant the issuance of an injunction. (*Gregory* v. *Ford,* 14 Cal. 139, 73 Am. Dec. 639; *Imlay* v. *Carpentier,* 14 Cal. 173; *Ketchum* v. *Crippen,* 37 Cal. 223.)

(b) Does the complaint state facts sufficient to entitle the plaintiff to an accounting? The purpose of a suit for an accounting is to have settled a complicated account, the exact status of which plaintiff is unable to determine for himself; for, if he knows the exact amount due him on the account, a court of law can furnish him a complete remedy. Under such circumstances, his action is one for a money judgment, and not a suit for an accounting.

According to the allegations in plaintiff's complaint, Mc-Devitt has collected $675 belonging to plaintiff, against which the defendant's only claim is his deficiency judgment amounting to $223.07; so that, if these allegations be true, an action for a money judgment for $451.93 would afford plaintiff all the

relief to which he could possibly be entitled, and, since he has this adequate remedy at law, equity will not interfere.

(c) Does the complaint state facts sufficient to entitle the plaintiff to any relief? We think it is sufficient upon its face to entitle the plaintiff to a money judgment. It sufficiently appears that the defendant is indebted to plaintiff in the sum of $451.93 for money had and received, assuming the allegations of the complaint to be true, and, this being so, the complaint was proof against a general demurrer. It is immaterial that the plaintiff demanded equitable relief. (*Holden* v. *Warren,* 118 N. C. 326, 24 S. E. 770.) The rule is well settled that where plaintiff proceeds upon the theory that his remedy is by a suit in equity, but his complaint fails to state facts sufficient to entitle him to equitable relief but does state facts sufficient to entitle him to a money judgment, he will not be dismissed from court, but will be given the relief to which he appears to be entitled. (Bliss on Code Pleading, sec. 162.) This rule has been recognized and applied in this state. (*Goodrich Lumber Co.* v. *Davie,* 13 Mont. 76, 32 Pac. 282; *Aldritt* v. *Panton,* 17 Mont. 187, 42 Pac. 767; *Western Plumbing Co.* v. *Fried,* 33 Mont. 7, 114 Am. St. Rep. 799, 81 Pac. 394.) While we recognize the principles applicable to the different actions, particular forms for which are required at common law, we do not recognize the distinct forms for such actions. There is but one form for civil actions under our Code (Code Civ. Proc., sec. 460), whether the actions are at law or in equity.

The prayer of the complaint is no part of the statement of a cause of action. (*Fox* v. *Graves,* 46 Neb. 812, 65 N. W. 887; *Hiatt* v. *Parker,* 29 Kan. 765; Pomeroy's Code Remedies, sec. 580.) It is true that the prayer is made a part of the complaint by section 671 of the Code of Civil Procedure; but it is made such part independently of the statement of facts constituting the cause of action. And, if the facts stated in the body of the complaint entitle the plaintiff to *any* relief, a general demurrer will not lie, no matter what may be the form of the prayer, or, indeed, whether there is any prayer at all. (*Hiatt*

Mont., Vol. 36—5

v. *Parker*, above; *Culver* v. *Rodgers*, 33 Ohio St. 537; *Sannoner* v. *Jacobson & Co.*, 47 Ark. 31, 14 S. W. 458; *Parker* v. *Norfolk etc. Ry. Co.*, 119 N. C. 677, 25 S. E. 722.)

It may be that the plaintiff cannot recover a money judgment without a prayer in his complaint demanding the same and stating the amount to which he deems himself entitled. But this question is not raised by a general demurrer, and this is so notwithstanding the provisions of section 1003 of the Code of Civil Procedure. The grounds of a demurrer are stated in section 680 of the Code of Civil Procedure, and neither the informality of the prayer nor the total absence of one is mentioned in that section. The defects for which a demurrer will lie are those named in the statute, and no others can be reached by it. (Bliss on Code Pleading, sec. 404; *Marie* v. *Garrison,* 83 N. Y. 14.)

In order to affirm the judgment of the district court, this court must find that the complaint does not state facts sufficient to entitle the plaintiff to *any* relief, and this we cannot do. It would be idle to speculate as to what situation would be presented in the event the plaintiff does not amend the prayer of his complaint, and the defendant McDevitt should decline to answer. No doubt that situation would be met by appropriate action on the part of the district court in case it should arise. (See, however, *Hall* v. *Hall*, 38 How. Pr. 97.)

Upon oral argument, and without any motion to dismiss the appeal, counsel for respondent suggested that this court should not consider the record presented upon this appeal because of certain defects mentioned, and referred to *Featherman* v. *Granite County*, 28 Mont. 462, 72 Pac. 972. But the doctrine announced in that case was modified in the later case of *Glavin* v. *Lane*, 29 Mont. 228, 74 Pac. 406. The Code requires that upon appeal from a judgment the appellant must furnish this court with a copy of the judgment-roll. (Code Civ. Proc., sec. 1736.) In this instance the clerk certifies that the record furnished does contain copies of all papers constituting the judgment-roll, and we think there is therefore a sufficient compli-

ance with the provisions of that section, under the facts of this case.

The judgment is reversed and the cause remanded to the district court, with directions to vacate the judgment entered, annul the order sustaining the demurrer, and overrule the demurrer.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Smith concur.