CRAMER, RESPONDENT, *v.* DESCHLER BROOM FACTORY, APPELLANT.

(No. 6,054.)

(Submitted March 31, 1927. Decided April 21, 1927.)

[255 Pac. 346.]

*Master and Servant — Salesmen — Commissions — When Salesman Entitled to Compensation—Trial—Instructions—Law of Case—Appeal—Harmless Error.*

Pleading—Complaint—Whatever Reasonably to be Inferred from Allegations is to be Treated as Averred Directly.
  1.  Under the rule established by the Codes, requiring liberal construction of pleading with a view to substantial justice between liti-

---

1. Construction of pleadings, see note in 50 L. R. A. (n. s.) 13. See, also, 21 R. C. L. 466.

[79 Mont. 220.]

gants, whatever is necessarily implied by allegations directly made in a complaint, or is reasonably to be inferred therefrom, is to be treated as averred directly.

Master and Servant—Salesman Entitled to Commissions Regardless of Misconduct, When.

2. The severing of an agent's connection with his principal is not good cause for the latter's refusal to pay for services performed and completed by the former during his term of employment, even though the employment was terminated by the principal for misconduct in other matters.

Same—Commissions—Interest—Appeal—Instructions not Objected to—Law of Case.

3. In the absence of objection by defendant to an instruction that the jury might in their discretion award plaintiff interest on commissions on sales made by him, from a certain date, the instruction became the law of the case, whether right or wrong, and defendant thereafter could not question the correctness of the judgment based upon the verdict rendered in conformity with the instruction.

Trial—Giving Instruction on Issue Withdrawn from Jury—Appeal—Harmless Error.

4. The giving of an instruction upon an issue withdrawn from the jury's consideration could not have misled the jury in arriving at their verdict, and, though inappropriate, was harmless error, it not having affected the substantial rights of the parties.

[1] Master and Servant, 39 C. J., sec. 269, p. 192, n. 48; sec. 282, p. 206, n. 51. Pleading, 31 Cyc., p. 79, n. 4, p. 80, n. 5.
[2] Master and Servant, 39 C. J., sec. 251, p. 184, n. 79.
[3] Appeal and Error, 4 C. J., sec. 2557, p. 665, n. 8.
[4] Appeal and Error, 4 C. J., sec. 3015, p. 1033, n. 37.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

ACTION by C. W. Cramer against the Deschler Broom Factory. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Binnard & Rodger,* for Appellant, submitted an original and a reply brief; *Mr. John A. Shelton,* of Counsel, argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted an original and a supplemental brief, and argued the cause orally.

2. Recovery of compensation by rightfully discharged employee, see notes in 13 L. R. A. 72; 24 L. R. A. 23. See, also, 8 R. C. L. 539.
4. See 2 R. C. L. 256.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from judgment in favor of plaintiff. The complaint filed herein alleges that in October, 1923, plaintiff was employed by defendant, a foreign corporation, to act as its salesman in Montana on commission of eight per cent of the gross sales made; that up to February, 1924, he made sales totaling $12,-191.86, entitling him to commissions amounting to $975.35. It is then alleged that ''some of the orders'' were to be, and were, delivered between the date thereof and July 1, 1924, on which date the total of the commissions became due and payable; that no part thereof has been paid except the sum of $519.15; and that there is due and payable to plaintiff from defendant the sum of $456.20, no part of which has been paid. Defendant interposed a general demurrer, which was overruled, and thereupon filed a general denial.

A trial was had in due course of time, resulting in verdict for plaintiff for $393.69, with interest at eight per cent per annum from January 23, 1925, to date of judgment, and judgment entered thereon. From this judgment defendant has appealed. The specifications of error assigned and urged will sufficiently appear hereinafter.

1. The first specification predicates error on the action of the [1] court in overruling the demurrer to the complaint. Defendant contends that a ''sale'' includes an order obtained, accepted, and filled by the shipment of the goods; that the complaint shows only orders obtained, and affirmatively alleges that only ''some of the orders'' were filled. We do not think the allegations of the complaint open to such interpretation; it is not a model pleading, but it does allege that sales were made to the full extent of the amount stated, and the reasonable inference is that the allegation concerning delivery of some of the goods between the date of the order and July 1, 1924, was made for the purpose of fixing the time when the full amount of the commissions was due and the time from which

plaintiff might be entitled to interest, and he proceeds to claim interest from that date.

Sections 9164 and 9191, Revised Codes of 1921, abolish the rigorous rules of the common law requiring the pleading to be construed most unfavorably to the pleader, and require that the allegations be liberally construed with a view to substantial justice between the parties (*Daniels* v. *Andes Ins. Co.*, 2 Mont. 78; *Doane* v. *Marquisee*, 63 Mont. 166, 206 Pac. 426), and "whatever is necessarily implied by a statement directly made, or is reasonably to be inferred therefrom, is to be treated as averred directly" (*Connelly Co.* v. *Schlueter Bros.*, 69 Mont. 65, 220 Pac. 103). Under these rules of construction the complaint is sufficient to withstand the attack made by general demurrer.

2. Under the second specification of error it is contended that the evidence does not warrant a verdict in excess of $240.42 with interest. The defense was made by depositions of officers of the defendant, in which it is stated that attached thereto appear copies of all orders and contracts secured by plaintiff and received and filled by defendant. These exhibits show that the orders were taken on order blanks numbered consecutively; that orders numbered 1 to 212 were received and filled, with the exception of orders numbered 11, 208 and 210. The deposition of the manager of defendant shows that order numbered 208 was rejected because the customer was found to be financially irresponsible, but is silent as to orders numbered 11 and 210. Plaintiff produced his original carbon copies of these two orders showing that they were given by customers from whom other orders were received and filled. He testified that order numbered 11 was mailed to defendant in the same envelope with orders numbered 9 and 10, which were accepted and filled, and produced a letter from the defendant acknowledging receipt of order numbered 210 and stating that it would receive attention.

By the testimony of both plaintiff and the manager it appears that plaintiff was authorized to take orders for future

delivery at a given figure and thus protect the customer from an advance in price, and that plaintiff was entitled to credit for all orders obtained during his term of employment and filled either at the time of receipt or at a future date, and that the defendant had the right to reject orders if the financial standing of the customer was not satisfactory to the credit man.  Order numbered 208 was, therefore, properly rejected, but it was not attempted to show that either order numbered 11 or order numbered 210 was rejected on this ground, and it clearly appears that they could not be so rejected.  By this testimony plaintiff made out a prima facie case as to orders numbered 11 and 210, and, in the absence of any showing to the contrary, the jury was justified in presuming from this evidence that the orders were received and filled by defendant. This presumption is fortified as to order numbered 210 by a letter from defendant to plaintiff in which it is stated: ''Because you went ahead and booked contracts up to July 1 does not mean that you would receive credit for shipments made after you had severed your connection with us,'' etc.

Under the testimony of the manager the severing of plaintiff's connection with defendant would not be good cause [2] for refusing payment for services properly performed and completed during the term of employment.  And this is the rule even though the employment of an agent is terminated by the principal for misconduct in other matters.  (1 Mechem on Agency, sec. 1547.)  The evidence justified the verdict for the principal sum awarded.

3. It is next contended that the complaint is insufficient to justify an award of interest for the period antedating [3] the commencement of the action, as it is not therein alleged that a demand was made upon defendant for payment.

We need not here discuss the necessity of demand, as the court instructed the jury, without objection by the defendant, that ''you may or may not in your discretion allow interest on such amount as you find unpaid, at eight per cent per annum from January 23, 1925.''  Plaintiff claimed that on that date he made demand through his attorney.  Whether

right or wrong, this instruction became the law of the case (*Shipler* v. *Potomac Copper Co.*, 69 Mont. 86, 220 Pac. 1097; *Wray* v. *Great Falls Paper Co.*, 72 Mont. 461, 234 Pac. 486), and the defendant cannot now question the correctness of the judgment based upon the verdict rendered in conformity with such instruction.

4. Defendant predicates error upon the inclusion in an instruction of the statement that it was the duty of the defendant to notify plaintiff of its refusal to accept or execute orders submitted, and that the retention of orders without such notice constituted implied acceptance. There is nothing in the record to show that the agreement between plaintiff and defendant as a matter of fact imposed such a duty upon defendant, and the question as to whether such a duty was imposed as a matter of law is not necessary of determination, as the instruction does not cover any issue presented to the jury. As order numbered 208 was the only one shown to have been refused, this instruction could only apply to that order, but that order was withdrawn from the consideration of the jury and only the differences as to orders numbered 11 and 210 were submitted for their determination, and, as stated above, on those orders the issue was as to whether they were received and filled by the defendant, and the evidence was sufficient to warrant the jury in finding that they were. Under the circumstances the jury could not have been misled by the instruction; the verdict was just as it should have been without the instruction. While the instruction was inappropriate, the giving thereof was harmless error under the circumstances; it did not affect the substantial rights of the parties. (*Surman* v. *Cruse*, 57 Mont. 253, 187 Pac. 890; *Kansier* v. *City of Billings*, 56 Mont. 250, 184 Pac. 630; *McInness* v. *Republic Coal Co.*, 49 Mont. 112, 140 Pac. 235.)

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.