G. A. MILLER AND J. H. HAWKINS, INDIVIDUALLY AND AS CO-PARTNERS, D/B/A KALISPELL LUMBER COMPANY, PLAINTIFFS AND APPELLANTS, v. FRANCES R. SCHROCK, BOARD OF COUNTY COMMISSIONERS OF FLATHEAD COUNTY, AND VALLEY OIL AND SERVICE COMPANY, DEFENDANTS AND RESPONDENTS.

No. 9822.
Submitted April 7, 1959. Decided June 2, 1959.
Rehearing Denied June 24, 1959.
340 Pac. (2d) 154.

Forrest C. Rockwood and Robert C. Sykes, Kalispell, for appellant. Forrest C. Rockwood argued orally.

James E. Murphy, Calvin S. Robinson, Robert Jasperson, Kalispell, for respondent. James E. Murphy and Robert Jasperson argued orally.

MR. JUSTICE BOTTOMLY:

This is an appeal from a judgment of the district court dismissing the complaint of the plaintiffs after general demurrers to the complaint had been sustained.

The facts. The defendant Schrock, and some fifteen other persons, petitioned the county commissioners of Flathead County, Montana, to close that part of Idaho Street as particularly described in plaintiffs' complaint. After receiving the petition the county commissioners, deeming their jurisdiction over the matter to be within the provisions of sections 32-401 to 32-404, R.C.M. 1947, proceeded to appoint viewers, heard the report of the viewers, held a hearing and reached a decision based on such report, that is, in this instance, to close that portion of Idaho Street above mentioned. The Board then notified all abutting landowners of such action. The plaintiffs herein were so notified as abutting landowners. There is no dispute as to that fact.

After notice that the road had been closed the plaintiffs brought this action in the district court seeking to have the order of the board of county commissioners discontinuing and closing the said portion of Idaho Street declared null and void and set aside, and asking that the defendants be enjoined from obstructing said street or from closing it to traffic and use pending the final determination of this action.

Plaintiffs' amended complaint was challenged by defendants by general demurrers, which were sustained by the district court, and plaintiffs' amended complaint thereafter on April 5, 1957, was by the court ordered dismissed and judgment entered accordingly.

Upon the dismissal of plaintiffs' complaint, by the order and judgment of the district court as aforesaid, this appeal followed.

The principal question presented is: Whether or not plaintiff's amended complaint states a cause of action. The amended complaint is divided into three causes of action. The first cause of action, as shown by paragraph VIII thereof, is based upon the contention that the board of county commissioners abused its discretion in closing that portion of Idaho Street described in the petition of defendant, Frances R. Schrock, filed with the board of county commissioners of Flathead County, being that portion of Idaho Street described as follows:

"That portion of said Idaho Street lying Easterly of a line which would be the Northerly extension of the East line of Eighth Avenue West North in the City of Kalispell, Montana, and Westerly of the Westerly city limits of said City of Kalispell, Montana, *as shown on the official map or plat of Kalispell Townsite Company's Addition No. 1 to the City of Kalispell, Montana, on file and of record in the offtice of the County Clerk and Recorder of Flathead County, Montana;*

"Excepting therefrom that portion thereof which constitutes a northerly extension of the alley in Block 150 of said Addition, which portion is 16 feet in width and extends from the

Northerly boundary of said Block 150 to the Southerly boundary of U. S. Highway No. 2.'' Emphasis supplied.

The second contention as shown by paragraph VIII being that the closing of said street would be detrimental to the public interest.

It should be noted that the above-described part of Idaho Street is a part of the platted Kalispell Townsite Company's Addition No. 1 to the City of Kalispell, the said described portion was platted into lots, blocks, streets and alleys, and that plaintiffs are abutting property owners. Under these facts and circumstances, R.C.M. 1947, sec. 11-2801, is applicable. Plaintiffs, as abutting property owners, did not sign the petition for the closure of the street, but have resisted the same throughout.

The record does not show that the board of county commissioners found, as a fact, that that portion of Idaho Street could be closed without detriment to the public interest as is required by section 11-2801, supra.

However, the record does show the detrimental public effect of closing the said portion of Idaho Street on the business of the plaintiffs, upon their employees, the detriment to the City of Kalispell by its Mayor, president of the City Council, the Chief of Police, the Chief of the Fire Department, the detriment to the public generally by the Chairman of the County Fair Board, and the County Extension Agent, all representing the public interest of the people of the City of Kalispell and the County of Flathead. It would be very difficult to make a better showing as to the detriment to the public interest in the closing of any highway or street than was made before the board of county commissioners in this instance.

We examine the plaintiffs' amended complaint having in mind certain well-established rules, one of which is that a complaint is sufficient against a general demurrer or an objection to the admission of evidence, which alleges facts sufficient to entitle plaintiff to recover on any theory. See Chancellor v. Hines Motor Supply Co., 104 Mont. 603, 69 Pac.

(2d) 764; Saint v. Beal, 66 Mont. 292, 213 Pac. 248; Adams, v. Durfee, 67 Mont. 315, 215 Pac. 664.

Also whatever is necessarily implied in, or is reasonable to be inferred from an allegation is to be taken as directly averred. Gauss v. Trump, 48 Mont. 92, 135 Pac. 910; Cramer v. Deschler Broom Factory, 79 Mont. 220, 255 Pac. 346; Johnson v. Herring, 89 Mont. 156, 295 Pac. 1100. Matters of form and redundant matter will be disregarded, and if upon any view, the plaintiff is entitled to any relief, the sufficiency of the pleading will be sustained. See Donovan v. McDevitt, 36 Mont. 61, 92 Pac. 49; Biering v. Ringling, 78 Mont. 145, 252 Pac. 872; Wells-Dickey Co. v. Embody, 82 Mont. 150, 266 Pac. 869.

Every aggrieved person is entitled to his day in court. In such an action, as here, we must always keep in mind the legislative mandate, R.C.M. 1947, sec. 93-3801.

A complaint attacked by general demurrer will be held sufficient, although defective in many particulars, if it is alleged in the complaint directly, *or by necessary inferences that there are facts showing the plaintiff's primary right and its infringement by defendant.* See McLean v. Dickson, 58 Mont. 203, 190 Pac. 924; Piatt & Heath Co. v. Wilmer, 87 Mont. 382, 288 Pac. 1021; Johnson v. Johnson, 92 Mont. 512, 516, 517, 15 Pac. (2d) 842. If the pleading as a whole shows its general intent and purpose, it will not be held fatal. Conrad Nat. Bank v. Great Northern Ry. Co., 24 Mont. 178, 182; 61 Pac. 1.

The allegations of the complaint *must be liberally* construed with a view to substantial justice between parties. See R.C.M. 1947, sec. 12-202; Gauss v. Trump, supra; Rogers v. Rogers, 123 Mont. 52, 209 Pac. (2d) 998, 1001.

The line of demarcation between what are statements of fact and conclusions of law is one not easy to be drawn in all cases, because it may be that a statement of fact cannot be made without including a conclusion, or it may be that a conclusion of law is such that, in the attending circumstances, it

must be stated in the form of a statement of fact. See 1 Bancroft's Code Pleading, sec. 44, pp. 93, 94, 95; 1 Bancroft's Code Pleading, Practice and Remedies, sec. 27, pp. 14, 15, and 16, and sec. 43, pp. 26, 27, 28 (Ten-year Supp.).

Applying the foregoing rules, we hold that the first cause of action pleaded in plaintiff's amended complaint states a cause of action and is invulnerable to attack by general demurrer.

That the second and third causes of action pleaded in plaintiff's amended complaint fail to state a cause of action and the demurrers were properly sustained as to said second and third causes of action.

The cause is remanded to the district court of Flathead County, with directions to order the board of county commissioners of Flathead County to vacate their order of the 30th day of November, 1954, vacating that portion of Idaho Street as described in plaintiffs' complaint, until the final disposition of this action and to set aside the district court's order and judgment of the 5th day of September, 1956, sustaining the demurrers of defendants to the first cause of action. As to the second and third cause of action the demurrers of defendants were properly sustained. It is further ordered that the defendants be granted the regular time in which to further plead. All parties shall be granted further time for amendments as required to bring the action to issue.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, concur.