JAMES J. STOVER AND FANNIE E. STOVER, PLAINTIFFS AND APPELLANTS, v. GEORGE ELLIOT AND GRACE EL-LIOT, DEFENDANTS AND RESPONDENTS.

No. 9955.
Submitted February 8, 1960. Decided March 24, 1960.
Rehearing denied April 11, 1960.
350 Pac. (2d) 585.

136

Lyman H. Bennett, Sr., Virginia City, Lyman H. Bennett, Jr., Bozeman, Lyman H. Bennett, Jr., argued orally for appellants.

Corette, Smith & Dean, Kendrick Smith, Butte, Kendrick Smith argued orally for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This appeal is from a judgment entered in favor of defendants on a suit to determine the right to the waters of a spring located in Jefferson County after a motion for new trial was denied.

Plaintiffs own the SE¼ of the SE¼ of Section 22, Township 2 North, Range 3 West, M.P.M. Defendants own the remainder of Section 22 and all of Section 23 which adjoins Section 22. The spring is located on defendants' land at a place where defendants' ditch must cross plaintiffs' land if the water is to be beneficially used on Section 23.

The pleadings are somewhat involved but for plaintiffs the issues, as finally framed, go to the question of plaintiffs' right to the use of the spring water by virtue of: (1) prior appropriation by plaintiffs or their predecessors; (2) abandonment by defendants and their predecessors and (3) prescriptive right to the water by virtue of adverse use for the statutory period of time.

Defendants cross-complained setting forth an appropriation by George B. Franks, one of defendants' predecessors, in March of 1890 by which he appropriated all the water of the spring. To the cross complaint was annexed a copy of his duly recorded "notice of water right". They further alleged that

the remainder of their predecessors had used the water continuously and that plaintiffs were attempting to interfere with their use of the water. The prayer was for a decree determining that defendants were the owners of the water right, an injunction to prevent plaintiff from interfering with the water right and for damages to defendants' crops resulting from plaintiffs' interference with the water right. The damage aspect of the case was not tried in this suit and therefore presents no issue on this appeal.

The district court, by consent of counsel, sitting without a jury, found that plaintiffs had failed to prove any of their allegations and sustained defendants' right to all the water of the spring. The court also found that the Franks' appropriation was valid and that defendants and their predecessors had used the spring water for a beneficial purpose since that time.

Although the testimony is in direct conflict, substantial evidence is found in the record which sustains the judgment of the district court. The testimony is directed mainly to a determination of who used the water from the time of Franks' alleged appropriation to the time of trial. A secondary question was whether defendants could put the water to a beneficial use on Section 23 due to the fact that the spring only produced about twelve miner's inches of water. Where the record, as here, contains substantial evidence to support the findings of the court below, we will not overturn the judgment based on those findings. Northwestern Improvement Co. v. Mon-O-Co. Oil, 134 Mont. 467, 334 P.2d 448. Plaintiffs' testimony goes to the proposition that their predecessors used the water from the spring at various times and that plaintiffs themselves had used the water continuously during their occupancy. This evidence was controverted by defendants who introduced testimony that they, and their predecessors, had continuously used the water and that two of their predecessors had allowed plaintiffs' predecessors to use some of the

water, but only after they had executed agreements and paid a token consideration for the use. The district court resolved all conflicting testimony in favor of the defendants, and in addition determined that the water could be beneficially used by defendants on Section 23.

Plaintiffs question Franks' "notice of water right" stating that it is insufficient and because of this fact plaintiffs' motion to strike, or at least their general demurrer, should have been sustained. Plaintiffs' contention is that since the notice is defective defendants have to set out the exact manner by which the water was appropriated and the failure to do this makes the cross complaint vulnerable to motion to strike or demurrer.

The motion to strike goes to the entire cross complaint and is not well-taken because the cross complaint, when viewed as a whole, is neither sham, irrelevant nor redundant.

■ Assuming that the notice of water right is invalid, as against a general demurrer, the cross complaint is sufficient. In no place, in the pleadings, nor in the brief submitted to this court, does the plaintiff point out in what respect the notice is deficient. Even without this notice, however, the cross complaint states a cause of action. All that is required of a complaint in a water right suit is that it allege the ownership of the property described, the fact that defendant claims an adverse interest, and that the claim of the defendant is without right. Cocanougher v. Montana Life Ins. Co., 103 Mont. 536, 64 P.2d 845. The same rule applies to a cross complaint. In the instant case, defendants alleged in part as follows:

"That in the month of March, 1890, George B. Franks appropriated all of the water of said Warm Spring for the special purpose and use for irrigating his ranch upon said Section 23, and that on the 11th day of March, 1890, a notice of appropriation of 50 inches or all of the water of said spring was duly filed by said George Franks in Book 'G' of Water Rights, Page 316, Records of Jefferson County, Montana, and that a

copy thereof is attached hereto, marked Exhibit 'A' and hereby made a part hereof. That said water so appropriated was diverted and carried by ditches and used upon said premises and that said appropriation and water rights has been used at all times by the defendant and his predecessors in interest for irrigating the said lands in said Section 23 for growing hay and grain; that during all of the times mentioned in said Amended and Supplemental Complaint the cross-complainants were and now are the owners of said water rights so appropriated, diverted and used.''

Paragraph 5 of the Amended Cross Complaint alleged:

''That for more than ten (10) years last past prior to the date of the filing of the original Complaint herein on July 16, 1953, the cross-complainants and their predecessors in interest have continuously, openly, notoriously, adversely and exclusively under claim of right appropriated, diverted and used all of the water of said Warm Spring and conducted the same by means of ditches to and upon said Section 23 and used the same for a beneficial purpose, to-wit: The irrigation of lands in said Section 23, and that the said lands are arid and require irrigation.''

The foregoing quoted allegations and also the claims asserted in the answer and cross complaint were more than sufficient.

''A complaint attacked by general demurrer will be held sufficient, although defective in many particulars, if it is alleged directly, or by necessary inferences that there are facts showing the plaintiff's primary right and its infringement by defendant.'' Miller v. Schrock, 135 Mont. 409, 340 P.2d 154, 156, and cases cited therein.

Here defendants alleged their right to all of the water by prior appropriation and continuous use. The allegation that plaintiffs were interfering with the water created an inference that plaintiffs claimed an adverse interest, and the fact that defendants claimed all the water amounted to a statement that any claim of plaintiffs was without right. In any event, there-

was a sufficient statement of facts showing defendants' primary right and its infringement by plaintiffs. In addition, the cross complaint is sufficiently certain to enable the plaintiffs to prepare their evidence to meet the facts alleged in the cross complaint. See Johnson v. Johnson, 92 Mont. 512, 15 P.2d 842.

Finding no reversible error in the record before us, we affirm the judgment of the district court.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ADAIR concur. MR. JUSTICE ANGSTMAN being absent took no part in the hearing or determination of this appeal.