HAGE, RESPONDENT, v. ORTON, APPELLANT.
No. 8656
Submitted September 26, 1946. Decided December 13, 1946.
175 Pac. (2d) 174

Messrs. Hennessey & Hennessey, of Billings, for appellant.
Mr. H. C. Crippen, of Billings, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

This is an action for damages in conversion. The jury found for plaintiff in the sum of $2,000 and judgment was accordingly entered in her favor. Defendant has appealed from the judgment.

By several specifications of error defendant challenges the sufficiency of the complaint. On application of plaintiff she was granted leave, over defendant's objection to amend the complaint on three occasions during the trial. The last time was after palintiff had rested. Defendant contends this was error. The matter of allowing or denying amendments rests in the discretion of the trial court and unless that discretion has been clearly abused we will not interfere. Flynn v. Helena Cab & Bus Co., 94 Mont. 304, 21 Pac. (2d) 1105. The court did not abuse its discretion in allowing the amendments and we shall therefore consider the sufficiency of the complaint as finally amended.

The complaint alleged that on December 16, 1941, defendant and one W. W. Henley were co-partners doing business in Billings under the name of the L. P. Gas and Equipment Com-

pany (hereinafter referred to as the L. P. Co.) in the handling and sale of Butane, Propane and other liquified pertoleum gas; that on that day plaintiff, defendant and Henley entered into a partnership agreement under the name of Billings Bottle Gas Company (hereinafter referred to as the Billings Co.). The agreement provided that the L. P. Co. would surrender its right to handle and sell bottled gas in the Billings area and would furnish to the Billings Co. all needed gas for its business at cost price plus cost of transportation; that plaintiff should and did furnish $1,000 in return for a 60% interest in the business of the Billings Co. and the other two partners should transfer the bottle gas equipment and business of the L. P. Co. to the Billings Co. for a 20% interest to each in the Billings Co.; that after the formation of the Billings Co. defendant represented to plaintiff that, in order to properly do business, two 1,000 gallon gas tanks and equipment should be purchased for the use of the Billings Co.; that such tanks and equipment would cost $2,000 and advised plaintiff to advance the money. Plaintiff agreed to do so. Defendant represented to plaintiff that he could handle the purchase to the best advantage if her check should be drawn in favor of the L. P. Co., which was done; that the money was her own personal property and not funds of the partnership; that the money was received by the L. P. Co. and was used by defendant to buy the tanks and equipment; that plaintiff was unfamiliar with the business and deferred to the judgment of defendant in advancing the money and relied upon his honesty and integrity; that it was understood and agreed by plaintiff and defendant that the tanks and equipment should be sold to the Billings Co. and used in its business; that plaintiff should be the owner thereof until reimbursed by the Billings Co. and that plaintiff was the owner of the tanks and equipment at the time of their conversion and entitled to the immediate possession; that defendant did not purchase the tanks and equipment for the Billings Co. and did not place them in the name of that company but purchased them for the L. P. Co. and took title in the name of that com-

pany; that defendant converted the tanks and equipment to his own use, sold the same and received the money therefor personally; that the tanks and equipment at the time of conversion were of the value of $2,000; that plaintiff at no time until the 29th of June, 1943, knew that defendant had placed the title to the tanks and equipment in the L. P. Co. and had sold the same and taken the money.

Under our statute pleadings must be liberally construed with a view to substantial justice between the parties. Section 9164, Revised Codes. And in construing a pleading liberally whatever is necessarily implied by, or is reasonably to be inferred from, an allegation must be taken as directly averred. Marcellus v. Wright, 51 Mont. 559, 154 Pac. 714; Buhler v. Loftus, 53 Mont. 546, 165 Pac. 601; Johnson v. Johnson, 92 Mont. 512, 15 Pac. (2d) 842; Clem v. Clem, 97 Mont. 570, 36 Pac. (2d) 1034.

Testing the complaint by these rules of interpretation, we think the complaint as finally amended was sufficient to state a cause of action.

In effect, aside from the allegations showing the two partnerships, the complaint alleges that plaintiff advanced $2,000 for the purpose of buying tanks and equipment to be used by the Billings Co. and that plaintiff should be the owner thereof until reimbursed by the Billings Co. to the amount of the $2,000; that because of representations of defendant the check was made to the L. P. Co. in which defendant was and plaintiff was not a partner; that defendant did not purchase the tanks and equipment for the Billings Co. but purchased them for and took title in the name of the L. P. Co.; that thereafter defendant sold the tanks and equipment and received the money therefor personally.

It is contended that the complaint does not suffiicently allege plaintiff's ownership and right of possession of the tanks and equipment. We think it does. The tanks and equipment had never reached the partnership which was intended to have the use of them. They had been diverted to the other partnership

because of alleged representations of defendant and this she did not learn until June 29, 1943, and this action was commenced in September 1943. Plaintiff was still the owner thereof according to the allegations of the complaint and, as such owner, she had the right of possession, nothing having been paid to her by way of reimbursement. The fact that the Billings Co. was supposed to have the use of the tanks and equipment was nothing more than an intended bailment at will, which never came into being, and was no obstacle to plaintiff's right to maintain an action in conversion as one entitled to the possession.

The suggestion that her only remedy is by an accounting between the members of the partnership is not tenable because this property, because of defendant's plan of handling the matter, never reached the partnership in which plaintiff was a member.

Defendant contends that plaintiff's allegation of ownership of the tanks and equipment is negatived by specific allegations. We do not so construe the complaint. Neither the money nor the tanks and equipment ever reached the Billings Co. There are no specific allegations in the complaint that negative plaintiff's ownership of the tanks and equipment. The situation is the same as if A had entrusted money to B with which to buy an automobile for A's son. B buys the automobile and allows his (B's) son to use it and finally sells it and retains the money. Certainly under those circumstances A may sue B in conversion. The complaint as amended was sufficient.

Defendant assigns error in admitting in evidence, over his ▋ objetcion, a check for $2,000 payable to the L. P. Co. signed by plaintiff and endorsed by W. W. Henley. The court did not err in receiving this evidence. It was competent proof of the fact alleged in the complaint that she gave her check in the sum of $2,000 payable to the L. P. Co. She had the right to show the circumstances surrounding and leading up to the conversion alleged in her complaint and put in issue by the answer.

The next point raised by defendant is that plaintiff has not ▮ supported her complaint as amended by proof. Defendant contends that since he had possession of the tanks and equipment when he sold them to the Kirby & Steel Rural Gas Co. the law clothes him with a presumption of ownership. This presumption may aid an innocent purchaser but has little, if any, force in favor of a trespasser and as against the owner. At any rate, if there be any such presumption here there was ample evidence to overcome it, to justify the jury in finding that palintiff was and is the owner. While plaintiff's testimony was not too clear on the point and not without some inconsistency, she finally testified as follows: .

"Q. On the 1st day of June 1943, at the time this property was sold to Kirby & Steel as appears from the evidence, who was the owner of the tanks and the trailer? A. I was.

"Q. Who was entitled to the possession of the same? A. I was.

"Q. Had you received one dollar of the money you had expended for them? A. No."

Her other testimony that might be said to conflict with her final statement served only to discredit but not to destroy her testimony. It was still for the jury to pass upon the weight of her evidence and her credibility as a witness. State v. Peterson, 102 Mont. 495, 59 Pac. (2d) 61.

The jury having found for plaintiff, our province is merely ▮ to ascertain whether the evidence offered by her which was most favorable to her sustains the verdict. We hold that it does. There is language appearing in Casey v. N. P. Ry. Co., 60 Mont. 56, 69, 198 Pac. 141, 145, relied upon by defendant which seems to militate against this view. There it was said: "It cannot be unfair to this plaintiff to deal with his case from the standpoint of his own statements. A party testifying in his own behalf has no right to be deliberately self-contradictory, and whenever he is so the courts are justified in judging his case from that version of his testimony which is least favorable to him. Atlanta R., etc., Co. v. Owens, 119 Ga. 833, 47

S. E. 213." But aside from self-contradictions there were other circumstances in that case which caused the court to set aside the jury's verdict.

The court in the Casey case, supra, pointed out that plaintiff's evidence was in conflict with the physical facts and was not entitled to credence, and that it was "improbable upon any supposition short of actual mental imbecility." None of these objestions apply to plaintiff's testimony here, save the one that there is some discrepancy in her own statements, but we think when this is the only attack upon plaintiff's ecidence, the jury is entitled to accept that most favorable to her if they see fit to do so.

Other contentions made by defendant have been considered by us but we find no ground for disturbing the verdict and judgment.

The judgment is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair and Cheadle concur.

Rehearing denied December 27, 1946.