MANNING, Appellant *v.* ZEILER, Respondent.
No. 9201.
Submitted October 13, 1953. Decided October 13, 1953.

(248)

Order set aside; judgment reversed and caused remanded. Mr. Justice Angstman dissented.

Joseph P. Hennessey, Billings, for appellant.

No brief or appearance for respondent.

Mr. Hennessey argued orally.

PER CURIAM

Appeal from judgment of dismissal entered in an action in tort by a servant against his master to recover damages for injuries and loss occasioned by the alleged negligence of the master.

On July 25, 1951, the plaintiff Edward Manning, through his attorney Joseph P. Hennessey, Esq., commenced this action by filing the complaint herein, to which complaint the defendant Dan Zeiler through his attorneys Wood, Cooke and Moulton, interposed a general demurrer.

By order entered August 28, 1951, the district court sustained defendant's demurrer and granted plaintiff ten days in which to amend his complaint. Plaintiff elected to stand upon his complaint. Thereupon on motion of defendant's said counsel, judgment of dismissal and for costs was given and entered, from which judgment plaintiff has appealed to this court.

Plaintiff duly served and filed notice of appeal, transcript on appeal and briefs on appeal. No appearance has been made in this court by or on behalf of the defendant Zeiler, and by letter dated June 6, 1952, a member of the firm of attorneys that had represented the defendant in the district court advised the clerk

of this court that he is not an attorney in the cause; that he does not represent the defendant and that he had so orally advised plaintiff's counsel.

Subsequent to the setting of this appeal for hearing and oral argument before this court on its current calendar, the clerk of this court mailed due written formal notice of such setting to the defendant Zeiler, Route No. 1, Billings, Montana, but notwithstanding there has been no appearance for or on behalf of the defendant herein.

The complaint avers that while employed as a common laborer by defendant on the latter's farm near Billings, Montana, plaintiff was directed and required by defendant to repair a heavy duty tire notwithstanding that plaintiff had informed defendant that plaintiff was not familiar with the manner of repairing such tire; that it was defendant's duty to provide plaintiff with a reasonably safe place to work; to furnish reasonably safe tools; to furnish a reasonably safe tire ring and to warn plaintiff of all defects and dangers attendant upon the assigned task, each of which duties defendant carelessly and negligently omitted to perform and that as a proximate cause of defendant's said negligence, the plaintiff sustained specified injuries and damages in the amount demanded in the complaint.

It is a well established rule that negligence may be charged ▮ in general terms. Stewart v. Stone & Webster Eng. Corp., 44 Mont. 160, 175, 119 Pac. 568; Forquer v. North, 42 Mont. 272, 280, 112 Pac. 439. See: 35 Am. Jur., Master and Servant, sec. 479, p. 895.

"In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties." R. C. M. 1947, sec. 93-3801.

In our opinion the complaint sets forth facts sufficient to withstand the challenge of a general demurrer and to state a cause of action and it was error to sustain defendant's general demurrer to such complaint and to enter the judgment of dismissal.

Accordingly the order of the district court sustaining the general demurrer is set aside; the judgment is reversed; the defendant is allowed to November 3, 1953, to answer plaintiff's complaint; the cause is remanded to the district court for further proceedings not inconsistent with this opinion and remittitur will issue forthwith.

MR. JUSTICE ANGSTMAN: (dissenting).

In my opinion the trial court was right in sustaining the general demurrer to the complaint. I agree that pleadings should be liberally construed and that whatever is necessarily implied by, or is to be reasonably inferred from, an allegation must be taken as directly averred. Hage v. Orton, 119 Mont. 419, 175 Pac. (2d) 174. But this rule cannot be extended so as to obviate the necessity of pleading facts constituting the cause of action.

A "conclusion of law does not aid the pleading, is no allegation at all, and will be disregarded in determining the sufficiency of the facts alleged." 71 C. J. S., Pleading, sec. 13, pp. 34, 35.

Here no facts are alleged but only conclusions of law. No one can read the complaint and ascertain from any facts alleged how the alleged unsafe place, unsafe or unsuitable tools, or the bent and unsafe tire ring contributed to plaintiff's alleged injuries. The complaint contains nothing but the allegations of the conclusion of law that "as a proximate result of the aforementioned negligence" plaintiff sustained the injuries alleged.

I agree that negligence may be alleged in general terms. 35 Am. Jur., Master and Servant, sec. 479, p. 895. If we treat the allegations designed to show negligence as being sufficient, even though the facts regarding the negligence are completely concealed, the complaint is still insufficient unless facts are alleged showing that such negligence was the proximate cause of the injuries complained of.

The complaint must allege facts, not conclusions, showing the causal connection between defendant's negligent act and the injury complained of. Fusselman v. Yellowstone Valley etc. Co., 53 Mont. 254, 163 Pac. 473, Ann. Cas. 1918 B, 420. This the

complaint does not do, and I think therefore the court properly sustained the general demurrer thereto.